# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

DIEGO NOE VIJIL FALLA,

              Petitioner,

v.

WARDEN GOLDE STATE ANNEX, et al.,

              Respondents.

Case No. 1:26-cv-00526-JLT-SAB (HC)

ORDER CONVERTING THE MATTER TO A PRELIMINARY INJUNCTION AND DENYING THE PRELIMINARY INJUNCTION[1]; AND REFERRING THE MATTER TO THE ASSIGNED MAGISTRATE

(Docs. 2, 3)

## I.    INTRODUCTION

Before the Court for decision is Diego Noe Vijil Falla's ("Petitioner") Motions for Temporary Restraining Order (Docs 2, 3), filed in conjunction with his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.)[2] The Petition and TRO Motion seek the same relief -- Petitioner's immediate release from detention an order enjoining Respondents from removing him to a third country without notice and an opportunity to be heard. (Doc. 1 at 4; Doc. 2 at 2; Doc. 15 at 8.) Having evaluated the TRO request, Respondents' opposition, (Doc.

---

[1] Upon the agreement of the parties, the Court converts the motion for temporary restraining order into one for preliminary injunction. (Doc. 9 at 2; Doc. 15 at 1.) The parties have also affirmatively declined an evidentiary hearing. (*Id*.)

[2] Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) and TROs (Docs 2, 3) were initially filed by Petitioner's uncle acting as a Next Friend. (Doc. 1 at 2.) On January 27, 2026, Petitioner's Motion to Appoint Counsel (Doc. 10) was granted by this Court. (Doc. 11.) On January 29, 2026, Petitioner's newly appointed counsel filed a notice of appearance (Doc. 13) and subsequently filed a reply on Petitioner's behalf. (Doc. 15.)

9) and Petitioner's reply (Doc. 15), the Court converts the matter into a motion for preliminary injunction, **DENIES** that motion, and **REFERS** the matter to the assigned magistrate judge for a determination on the merits.

## II.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a 21-year-old citizen of Honduras who entered the United States alongside his family in January 2019 and requested asylum.  (Doc. 1 at 2; Doc. 15 at 2.) After a brief detention, Petitioner and his family were released on parole subject to reporting requirements. (Doc. 15 at 2.) On February 28, 2020, an immigration judge denied Petitioner's asylum claim and ordered Petitioner removed to Honduras. (Doc. 15 at 2; Doc. 9 at 5.)[3] Petitioner was granted withholding of removal to Honduras that same day. (*Id*.) It is undisputed that the order became final on February 28, 2020, as neither Petitioner nor the Government appealed that determination, and the time to do so has expired. (Doc. 9 at 5.)

On December 8, 2025, Petitioner and his family reported to U.S. Immigration and Customs Enforcement and were taken into custody. (Doc. 15 at 2.) That same day, Petitioner was provided a written "Notice of Removal" that stated: "This letter is to inform you that U.S. Immigration and Customs Enforcement (ICE) intends to remove you to Mexico." (Doc. 9 at 7.) Petitioner did not sign the written notice and requested to speak with an asylum officer. (Doc. 1 at 3.)

On December 12, 2025, Petitioner was given an opportunity to explain his fear relating to his scheduled third country removal to Mexico. (Doc. 9 at 1, 9.) After an interview with U.S. Citizen and Immigration Services, an officer found that Petitioner did not establish that it was more likely than not that he would be persecuted or tortured upon removal to Mexico. (*Id*.) As of January 31, 2026, Petitioner is detained at the Golden State Annex Detention Facility in McFarland California.[4]

---

[3] Although a final order of removal was issued in conjunction with the Immigration Judge's grant of Withholding of Removal in 2020, Petitioner and his family were never formally placed on an Order of Supervision and instead continued with the same periodic check-ins. (Doc. 15 at 5, n.3.)

[4] On January 30, 2026, Respondents filed a Status Report indicating that because "Respondents were not cognizant of the Court's order not to transfer Petitioner out of this district until further order of the Court," Petitioner was transferred out of the district to a detention facility in Arizona. (Doc. 14 at 1.) Respondents' counsel claims to have

On January 1, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1) On January 22, 2026, the Court ordered that Petitioner shall not be removed from the United States nor transferred out of this district. (Doc. 4.)

Respondents oppose the issuance of preliminary injunctive relief because this Court lacks jurisdiction to review the final administrative agency decision in this matter – the conclusion of the USCIS officer that Petitioner did not establish credible fear. (Doc. 9 at 2.)[5] Respondents maintain that "the sole impediment to petitioner's prompt removal to Mexico at this juncture is this Court's minute order directing that respondents not remove petitioner from the United States nor transfer petitioner out of this district unless the Court orders otherwise." (*Id.*) Respondents also argue that the court should not consider Petitioner's claim because Petitioner is a class member in a non-opt-out class certified by the District of Massachusetts. (*Id.*)[6]

### III.    LEGAL STANDARD

The standard governing the issuing of a TRO is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A party seeking a preliminary injunction must establish: (1) they are "likely to succeed on the merits" of their claims, (2) they are "likely to suffer irreparable harm in the absence of a preliminary injunction," (3) "the balance of equities tips in [their] favor" and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555

---

contacted ICE officials "who assured counsel that Petitioner will be transferred to the Golden State Annex Detention Facility on Saturday, January 31, 2026. (*Id.*)

[5] The Court notes that numerous courts in the Ninth Circuit – including this one -- have addressed this same jurisdictional argument and have found that while it is not within a district court's jurisdiction to enjoin the government's execution of a lawful removal order, it is within the court's jurisdiction to prevent removal absent statutory and constitutional due process requirements. *See Y.T.D. v. Andrews*, No. 1:25-cv-01100-JLT-SKO, 2025 WL 2675760, at *5 (E.D. Cal. Sep. 18, 2025) (concluding the court "has habeas jurisdiction over the issues raised here, namely the lawfulness of his continued detention and the process required in relation to third country removal," notwithstanding § 1252(g)) (citing *Jennings v. Rodriguez*, 583 U.S. 282, 294 (2018); *see also A.A.M. v. Andrews*, No. 1:25-cv-01514-DC-DMC, 2025 WL 3485219, at *5 (E.D. Cal. Dec. 4, 2025) (collecting cases). Petitioner is only seeking injunctive relief regarding the process required in relation to third country removal and is not challenging the Government's decision to commence proceedings, adjudicate Petitioner's case, or execute the removal order. As such, the Court finds it has jurisdiction to review the claims raised in the Petition.

[6] The class certification in *D.V.D. v. U.S. Dep't of Homeland Sec.,* 778 F. Supp. 3d 355 (D. Mass. 2025) and the stayed preliminary injunction order pending appeal in *Dep't of Homeland Sec. v. D.V.D.,* --- U.S. ---, 145 S. Ct. 2153 (2025) are discussed in greater detail in Sec. 5.A. However, as a threshold matter, the Court declines to address Respondent's argument as Petitioner is not a member of the *D.V.D.* class.

U.S. 7, 20 (2008); *see also Ctr. For Food Safety v. Vilsack,* 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter,* 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'").

The party seeking a preliminary injunction has the burden to "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (holding that the moving party has "the burden of persuasion"); *see also Hecox v. Little*, 104 F.4th 1061, 1073 (9th Cir. 2023). The Court may weigh the request for a preliminary injunction with a sliding-scale approach. *Alliance*, at 1135 (9th Cir. 2011). Accordingly, a stronger showing on the balance of hardships may support the issuance of a preliminary injunction where there are "serious questions on the merits … so long as the plaintiff also shows that there is a likelihood of irreparable injury, and that the injunction is in the public interest." *Id*. Finally, "a preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24.

## IV.   DISCUSSION

### A.   Likelihood of Success on the Merits

This first factor "is the most important" under *Winter*, and "is especially important when a plaintiff alleges a constitutional violation and injury." *Baird v. Bonta*, 81 F.4th 1036, 1041 (9th Cir. 2023). The Petitioner asserts violations of the Due Process Clause of the Fifth Amendment based upon Respondents' third country removal procedures. (Doc. 1 at 3-4; Doc. 15 at 3-8.)[7] Petitioner argues that ICE's recent attempt to remove Petitioner to Mexico did not provide Petitioner with adequate statutory and constitutional protections, specifically a full and fair

[7]In his petition for writ of habeas corpus, Petitioner argues that his ongoing detention "without a judicial warrant, without written notice, without a hearing and without any meaningful post-detention process" violated his Due Process Rights guaranteed by the Fifth Amendment and the Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1 at 3; Doc. 15 at 5-6.) In *Zadvydas*, the Supreme Court established that a noncitizen may only be detained so long as is "reasonably necessary to bring about [their removal] form the United States. 533 U.S. at 689. A detention lasting six months was found to be presumptively reasonable. *Id*. at 701. After the six-month mark, if a noncitizen provides good reason to believe their removal is not "significantly likely in the reasonably foreseeable future," the burden shifts to the government to rebut this showing or release the noncitizen. *Johnson v. Guzman Chavez*, 594 U.S. 523, 529, (2021) (citing *Zadvydas*, 533 U.S. at 701). Here, Petitioner does not account for the fact that he has been detained for just over two months—four months short of the six-month benchmark established in *Zadvydas*. To the extent Petitioner argues that his removal is not reasonably foreseeable, the Court declines to further address that argument and finds that the requested relief under *Zadvydas* is not warranted on these grounds.

4

hearing of his fear-based claim in front of a neutral adjudicator. (Doc. 15 at 6-7.)

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. *Hernandez v. Session, 872 F.3d 976*, 990 (9th Cir. 2017). "It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (citation omitted); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent.").

"[A] basic tenet of constitutional due process [is] that individuals whose rights are being determined are entitled to notice of the issues to be adjudicated, so that they will have the opportunity to prepare and present relevant arguments and evidence." *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999). Thus, "[f]ailing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process." *Id.* at 1041.

Where, as here, an immigration judge enters an order withholding or deferring removal to a country initially identified in removal proceedings, DHS conducts a "third country removal" where a noncitizen is removed to an alternate country. 8 C.F.R. § 1240.12(d). Even where DHS seeks to effectuate a third country removal, "noncitizens may not be removed to countries where their 'life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion,' or where 'it is more likely than not that [the noncitizen] would be tortured if removed to the proposed country of removal.'" *Mendoza v. Lyons,* No. 1:25-cv-01650-DC-SCR, 2025 WL 3514126, at *4 (E.D. Cal. Dec. 8, 2025) (quoting 8 U.S.C. § 1231(b)(3)(A) and 8 C.F.R. § 208.16). In the context of fear-based claims specifically, "noncitizens have a Due Process right to have their fear-based claims for relief from removal to third countries heard by a neutral adjudicator before the removal can be effectuated." *Mendoza,* 2025 WL 3514126, at *5; *see also Nguyen v. Scott,* 796 F. Supp. 3d 703, 727 (W.D. Wash. 2025) ("In the context of country of removal designations, last minute

orders of removal to a country may violate due process if an immigrant was not provided an opportunity to address his fear of persecution in that country.") (quoting *Najjar v. Lynch*, 630 Fed. App'x 724 (9th Cir. 2016)).

Petitioner briefly cites the fact that courts across the Ninth Circuit – including this Court – have found that DHS's third country removal policy, as described in the March 30, 2025, and July 9, 2025 Memoranda,[8] is likely unconstitutional and contrary to Ninth Circuit precedent. (Doc. 15 at 6); *See, e.g., Y.T.D.*, 2025 WL 2675760, at *11. The court in *D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 378 (D. Mass. 2025) discussed at length the DHS memoranda and found that the class of plaintiffs[9] were likely to succeed in showing that DHS' Third Country Removal Policy constituted  a "policy or practice of executing third-country removals without providing notice and a meaningful opportunity to present fear-based claims, and that such policy or practice constitutes a deprivation of procedural due process." *Id.* at 387. Thus, the court issued a preliminary injunction requiring that DHS satisfy certain additional procedures before removing class members to a third country:

> All removals to third countries, i.e., removal to a country other than the country or countries designated during immigration proceedings as the country of removal on the non-citizen's order of removal, see 8 U.S.C. § 1231(b)(1)(C), must be preceded by written notice to both the non-citizen and the non-citizen's counsel in a language the noncitizen can understand. Following notice, the individual must be given a meaningful opportunity, and a minimum of ten days, to raise a fear-based claim for CAT protection prior to removal. *See id.* If the non-citizen demonstrates reasonable fear of removal to the third country, Defendants must move to reopen the non-citizen's immigration proceedings. *Id.* If the non-citizen is not found to have demonstrated a reasonable fear of removal to the third country, Defendants must provide a meaningful opportunity, and a minimum of fifteen days, for the non-citizen to seek reopening of their immigration proceedings.

[8] The July 9 memorandum, which incorporates the earlier March 30 memorandum, has been summarized and quoted previously by this Court. *See Y.T.D.*, 2025 WL 2675760, at *9–10 (citations omitted).

[9] On April 18, 2025, the District of Massachusetts certified a class of individuals subject to final removal orders whom DHS has deported or will deport to a country not previously designated as the country or alternative country of removal and not identified in writing in prior proceedings as a country to which the individual would be removed. *D.V.D. v. U.S. Dep't of Homeland Sec.*, 778 F. Supp. 3d 355, 378 (D. Mass. 2025).

*D.V.D. v. U.S. Dept. of Homeland Sec.*, No. CV 25-10676-BEM, 2025 WL 1453640, at *1 (D. Mass. May 21, 2025) (internal record citations omitted), reconsideration denied sub nom. No. CV-25-10676-BEM, 2025 WL 1495517 (D. Mass. May 26, 2025).[10]

While Petitioner plainly possesses a protected liberty interest in ensuring that he is not removed to a country where he faces a credible fear of persecution, torture, or death without proper notice or opportunity to respond, Petitioner appears to have been already afforded adequate process in relation to his potential removal to Mexico.

On December 8, 2025, Petitioner received an individualized written notice in a language he can understand (Spanish) identifying the country to which DHS intended to remove him (Mexico). (Doc. 9 at 7.) Then, on December 12, 2025, Petitioner was afforded a fear-based interview with USCIS, which found that he did not establish that it is more likely than not that he would be persecuted or tortured in Mexico. (Doc. 9 at 9.)[11,12] *C.f. Azzo v. Noem,* No. 3:25-cv-03122-RBM-BJW, 2025 WL 3535208, at *5–6 (S.D. Cal. Dec. 10, 2025) (where the respondent's detained the petitioner for third country removal, and the court found that the respondent's violation of its own regulations by failing to promptly afford the petitioner an interview regarding his re-detention constituted separate grounds to grant the habeas petition.)

Petitioner cites *Castillo v. Chestnut*, 1:25-cv-01296-SAB, 2026 WL 121652 (E.D. Cal. Jan. 16, 2026), for the proposition that where a petitioner received a "notice of removal" to a third country and a purported "reasonable fear interview" had occurred, due process required that the petitioner "receive a full and fair hearing of his fear-based claim before a neutral

---

[10] Though the injunctive relief awarded in *D.V.D.* has been stayed, *Dep't of Homeland Sec. v. D.V.D.*, — U.S. —, 145 S. Ct. 2153 (2025), this Court has imposed similar procedural protections when warranted. *See Y.T.D. v. Andrews*, No. 1:25-CV-01100 JLT SKO, 2025 WL 2675760, at *11 (E.D. Cal. Sept. 18, 2025).

[11] Petitioner asserts that the document provided by Respondents containing the asylum officer's conclusion does not provide the officer's name, any reasoning for the decision, or any notes from the interview and that Petitioner was not provided a copy of the document. (Doc. 15 at 2-3.) Petitioner also asserts that he was not provided counsel during this interview despite requesting his attorney prior to the interview. (*Id*. at 3.) There is nothing in the record that indicates Petitioner had engaged immigration counsel at the time of the written notice or his credible fear interview. Though Petitioner has a right to have counsel present during a fear-based interview, Petitioner does not provide any support for the proposition that DHS is required to provide detainees counsel for fear-based interviews upon request.

[12] Though Petitioner notes that his mother was released from custody, the facts of her case are different. She was not provided written notice of the third country removal, and she was not provided the results of her "credible fear" interview. (Case No.:1:26-cv-0663 DAD EFB, Doc. 8 at 2)

adjudicator." *Castillo*, 2026 WL 121652, at *2. In that case, the petitioner indicated an intention to seek review of his fear-based determination before an immigration judge and subsequently filed a "Motion to Set Hearing for Review of Reasonable Fear Interview for Third Country: Mexico" with the immigration court. *Id*. Despite doing so, he received no response from DHS or the immigration court, prompting him to file a petition for writ of habeas corpus and a motion for temporary restraining order in federal court. *Id*. at 3. The Petitioner therefore sought an order enjoining his removal to a third country unless and until DHS permitted him to apply for fear-based relief in reopened withholding-only proceedings before a neutral adjudicator. *Id*.

That is not the situation presented here where Petitioner has not requested to reopen his withholding-only proceedings to seek review of his fear-based determination before an immigration judge or assert additional Convention Against Torture protection from removal to Mexico. As such, the Court is aware of no authority which would justify immediate release or indefinitely enjoining Petitioner's removal to a third country based on the facts in the record. Accordingly, the Court finds that Petitioner is not likely to succeed on the merits of his claim on this basis.

## V.    CONCLUSION AND ORDER

1.    For the reasons set forth above, Petitioner's motions for a temporary restraining order (Docs. 2, 3) are **DENIED**

2.    To preserve this Court's jurisdiction over the Petition, Respondents **SHALL NOT** remove Petitioner from the United States or transfer him out of this District without a further order from this Court.

3.    Respondents have indicated that they will not file a further brief in this matter. Even still, Petitioner may do so within 30 days or may alert the Court that no further briefing is needed. Should Petitioner file an additional brief, Respondents may file a responsive brief within 15 days thereafter and the Petitioner may file a reply within seven days after that.

///

///

///

4.      The matter is referred to the assigned magistrate judge for consideration of the merits of the petition as quickly as possible.

IT IS SO ORDERED.

Dated:    **February 17, 2026**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE

9