UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIEGO NOE VIJIL FALLA,
(A-Number: 201-427-017)

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX, et al.,

Respondents.

No. 1:26-cv-00526-JLT-EPG (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, ORDERING PETITIONER'S IMMEDIATE RELEASE, AND DIRECTING CLERK OF COURT TO CLOSE CASE

(Docs. 1, 18)

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On April 10, 2026, the magistrate judge issued a findings and recommendations to grant the petition for writ of habeas corpus and order Petitioner's immediate release. (Doc. 18 at 8–9.) The Court served the findings and recommendations on the parties and notified them that any objections were due in fourteen days. (*Id*. at 9.) The Court advised the parties that "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id*. (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) On April 25, 2026, Respondents filed timely objections, and Petitioner filed a reply on April 27, 2026. (Docs. 19, 20.)

In accordance with the provisions set forth in 28 U.S.C. § 636(b)(1)(C), the Court

1

conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Respondents' objections, the Court finds that the findings and recommendations are supported by the record and proper analysis. As the findings and recommendations notes, the regulations codified in 8 C.F.R. §§ 241.13(i) and 241.4(l) govern how and when ICE may revoke the release of a noncitizen who has been ordered removed. (Doc. 18 at 6.) Such regulations are applicable here because after Petitioner and his family were ordered removed on February 28, 2020, (*see* Doc. 1 at 12), the Department of Homeland Security did not detain them to effectuate their removal but rather placed the family on conditions of release with individual reporting requirements spanning from 2020 to 2024.[1] (*See* Doc. 1 at 2.) Though Petitioner states that he and his family "were never formally placed on an Order of Supervision," he nonetheless indicates that after he and his family were ordered removed, they were subject to "the same periodic check-ins that were required" previously. (Doc. 15 at 5 n.3.) Accordingly, as the findings and recommendations notes, 8 C.F.R. § 241.13(i)(2) applies to this case.[2] (Doc. 18 at 6.)

Under controlling caselaw interpreting 8 C.F.R. § 241.13(i)(2), Petitioner is entitled to immediate release because Respondents failed to show changed circumstances such that Petitioner's removal to Mexico is significantly likely to occur in the reasonably foreseeable future. (Doc. 18 at 7–8.) *See e.g.*, *Huang v. Albarran, et al.*, No. 1:25-cv-01308-JLT-EPG, --- F. Supp. 3d ----, 2026 WL 279888, at *4, 5–6, 10 (E.D. Cal. Feb. 3, 2026); *Falla Portillo v. Facility Director*, No. 1:26-cv-00663-DAD-EFB, 2026 WL 279895, at *2 (E.D. Cal. Feb. 3, 2026). The findings and recommendations indicate that "Respondents have not provided evidence that Mexico will accept Petitioner or that travel documents for Petitioner have been procured." (Doc.

---

[1]  Though the Immigration Judge ordered the family removed, the IJ also granted withholding of removal to Honduras. (Doc. 1 at 12; Doc. 9 at 5.) Therefore, DHS could not effectuate the family's removal to Honduras at that time. Under the applicable statute, "[i]f the alien does not leave or is not removed within the removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3).

[2]  There is no indication in the record that Petitioner or his family failed to comply with the terms of their release on supervision or violated any reporting requirements. (*See* Docs. 1, 2, 9, 15.) Instead, Petitioner's parents complied with all ICE check-ins—Petitioner was not initially required to attend because he was a minor—and Petitioner himself appeared for an ICE check-in in 2023 after being instructed to do so. (Doc. 1 at 2.) Accordingly, 8 C.F.R. § 241.13(i)(1) and 8 C.F.R. § 241.4(l)(1) are not at issue.

2

18 at 8 n.7.) Indeed, though Petitioner received a reasonable fear interview relating to his third country removal approximately five months ago, (*see* Doc. 9 at 9), Respondents still fail to demonstrate that Petitioner's removal to Mexico is significantly likely.[3] (*See* Docs. 9, 19); *Yan-Ling X. v. Lyons*, No. 1:25-cv-01412-KES-CDB, 2025 WL 3123793, at *5 (E.D. Cal. Nov. 7, 2025) ("An undue delay in removal for an individual alien beyond the typical removal period would naturally suggest that removal is unlikely.") (citations omitted).

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on April 10, 2026 (Doc. 18) are **ADOPTED IN FULL**.

2. The petition for writ of habeas corpus is **GRANTED**.

3. Respondents are **ORDERED** to immediately release the Petitioner from custody subject to an order of supervision in accordance with 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5.

4. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or Respondents demonstrate by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

///

---

[3] Additionally, as the findings and recommendations correctly note, Respondents failed to provide Petitioner with adequate notice and an opportunity to respond to the reasons for revocation in compliance with 8 C.F.R. 241.13(i)(3). (*See* Doc. 18 at 6–8); 8 C.F.R. 241.13(i)(3) ("Upon revocation, the alien will be notified of the reasons for revocation of his or her release. The Service will conduct an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification."). While DHS provided a generic "Notice of Removal" indicating that ICE intends to remove Petitioner to Mexico, (*see* Doc. 9 at 7), DHS did not otherwise explain why it believed that removal to Mexico was significantly likely to occur, nor did DHS provide Petitioner with a prompt interview to contest the reasons for revocation. (*See* Docs. 1, 2, 9, 15); *Falla Portillo*, 2026 WL 279895, at *1 ("The court . . . finds that ICE's failure to provide petitioner with written notice regarding the reasons for the revocation of her release, and an informal interview where she would have the opportunity to respond to the reasons for revocation likely violated due process. . .").

5.   The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **May 11, 2026**

UNITED STATES DISTRICT JUDGE

4